# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHOUA XIONG and HOPE XIONG,

    Plaintiffs,

v.                                Case No:   6:22-cv-1957-RBD-LHP

UNITED STATES OF AMERICA,
BRIAN BOGDANOWICZ, MEDI-
QUICK URGENT CARE CENTERS,
INC. and MEDI-QUICK URGENT
CARE CENTERS, LLC,

    Defendants

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF DEFENDANT, BRIAN BOGDANOWICZ, M.D. (Doc. No. 59)
>
> **FILED:**  July 7, 2023
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

> **MOTION:** **PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY (Doc. No. 64)**
>
> **FILED:** July 18, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

> **MOTION:** **PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE SURREPLY (Doc. No. 65)**
>
> **FILED:** July 18, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

Plaintiffs initiated this case on October 24, 2022. Doc. No. 1. The operative pleading is the Third Amended Complaint, which alleges claims of medical negligence under the Federal Tort Claims Act against Defendant the United States, and state law claims of medical negligence and vicarious liability against Defendant Brian Bogdanowicz, M.D., and Defendant Medi-Quick Urgent Care Centers, Inc., respectively. Doc. No. 40. Discovery opened in this case on or about March 28, 2023, *see* Fed. R. Civ. P. 26(d)(1), and closes on March 4, 2024. Doc. No. 35, at 3.

Although discovery has been open since March 28, 2023, the parties have been unable to agree on deposition dates for Defendant Brian Bogdanowicz, M.D. *See* Doc. Nos. 59, 61. So, on June 27, 2023, counsel for Plaintiffs unilaterally noticed Dr. Bogdanowicz's deposition for August 17, 2023. Doc. No. 59-1. But counsel for

Dr. Bogdanowicz had previously notified Plaintiffs' counsel of the dates that defense counsel was available, and August 17th was not one of those dates. Doc. No. 59-2. Further, Dr. Bogdanowicz himself is not available on August 17th. Doc. No. 59-3. However, both Dr. Bogdanowicz and his counsel are available for deposition on October 10, 11, 12, and 16, dates which conveniently are right after Plaintiffs' depositions, which are scheduled for October 5, 2023. Doc. Nos. 59-3, 59-5, *see also* Doc. No. 61, at 2, n.2.

Those dates were not acceptable to Plaintiffs, and the parties were unable to agree on an alternative date for Dr. Bogdanowicz's deposition, so Defendant filed the present motion for protective order on July 7, 2023. Doc. No. 59. In his motion, Dr. Bogdanowicz details his counsel's attempts to cooperate in scheduling his deposition, and requests that his deposition be rescheduled for one of the October dates that he is available. *Id.*, at 4.

In response, Plaintiffs contend they have been diligently and in good faith attempting to schedule Dr. Bogdanowicz's deposition since March 2023, that Plaintiffs had no choice but to unilaterally notice Dr. Bogdanowicz's deposition after Dr. Bogdanowicz's counsel's repeated failures to timely respond to requests for dates, and that Dr. Bogdanowicz's counsel has refused to schedule Dr. Bogdanowicz's deposition until after Plaintiffs scheduled their depositions. Doc. No. 61. Plaintiffs further contend that Dr. Bogdanowicz's lead counsel "has never

returned a phone call," and that Plaintiffs need to depose Dr. Bogdanowicz sooner rather than later in order to ensure sufficient time to complete expert reports prior to the January 3, 2024 expert disclosure deadline.  *Id.*, at 2, n.1 & at 3.

Based on Plaintiffs' representations and a review of the exhibits attached to Defendant's motion – at least one of which appeared to confirm Plaintiffs' assertions that Defendant's counsel refused to schedule Dr. Bogdanowicz's deposition prior to the scheduling of Plaintiffs' depositions (*see* Doc. No. 59-2) – the Court directed Dr. Bogdanowicz to file a reply brief.  Doc. No. 62.  As set forth in the reply, Dr. Bogdanowicz contends that his counsel provided on April 12, 2023 a total of 32 available dates for all party depositions, with such dates ranging from May 5, 2023 to September 13, 2023.  Doc. No. 63, at 2; *see also* Doc. No. 63-3.  However, Dr. Bogdanowicz places the blame on Plaintiffs' counsel for not agreeing to deposition dates for several months, takes issue with Plaintiffs' counsel's "gamesmanship and sharp litigation tactics" and reiterates that neither Dr. Bogdanowicz nor his counsel are available on August 17, 2023.  Doc. No. 63.  Dr. Bogdanowicz also attaches several emails and letters to the reply in support of his assertions.  Doc. Nos. 63-1 through 63-7.

In sum, while it appears that the parties have been able to agree on deposition dates for all other necessary witnesses, counsel for Plaintiffs and counsel for Dr. Bogdanowicz cannot.  And while Dr. Bogdanowicz seeks to place the blame solely

on Plaintiffs' counsel, Dr. Bogdanowicz's own supporting documentation contradicts his position. The email communications between the parties make clear that Plaintiffs' counsel has been attempting to schedule Dr. Bogdanowicz's deposition since April 18, 2023, and even initially offered to have Plaintiffs' depositions occur prior to Dr. Bogdanowicz's deposition. *See* Doc. No. 63-4, at 2. Although Dr. Bogdanowicz's counsel initially provided a multitude of dates for depositions, when Plaintiffs' counsel sought to take defense counsel up on his offer, Dr. Bogdanowicz's counsel said no, and instead sought to push all depositions until September or later. *Id.* at 1.

But more importantly, what these email communications also show – and what Dr. Bogdanowicz's counsel notably fails to address despite the Court's directive to do so – is that all of the communications from defense counsel regarding deposition scheduling unequivocally required that Plaintiffs' depositions take place first. *See* Doc. No. 59-2, at 1 ("We need to get the plaintiffs depositions scheduled first before we get our client's depositions scheduled."); Doc. No. 63-3, at 1 ("We would like to take both plaintiff's depositions first."); Doc. No. 63-5, at 1 ("We need to schedule the plaintiffs' depositions . . . I can get with Dr. B on the dates after they have been set."); Doc. No. 63-6, at 2 ("Please let me know which of these dates can work for your clients and I will get dates for our client's to take place after the plaintiff's deposition."). And other than the first April 12, 2023 email (which

contained dates that Dr. Bogdanowicz's counsel ultimately rejected), none of these email communications evidence any attempts by counsel to coordinate a date for Dr. Bogdanowicz's deposition – they all seek to schedule Plaintiffs' depositions. In fact, the June 13, 2023 email that Dr. Bogdanowicz's counsel points to as his notice of availability clearly states that the dates listed are "for the plaintiffs' depositions. . . . Once we get them scheduled I will get dates for Dr. Bogdanowicz." Doc. No. 59-2, at 1.

While the Court does not doubt the veracity of counsel's assertions, none of the attached documents support a finding that Plaintiffs' counsel was informed that either Dr. Bogdanowicz or his counsel were unavailable on August 17, 2023. Nor does Dr. Bodganowicz explain why Plaintiffs must be deposed before him. Thus, the Court finds that Plaintiffs' counsel was well within his right to unilaterally schedule Dr. Bogdanowicz's deposition. *See* Middle District Discovery (2021) § (II)(A).[1] *See also De Jesus v. Scottsdale Ins. Co.*, No. 6:19-cv-956-Orl-31GJK, 2019 WL 8892580, at *2 (M.D. Fla. Oct. 1, 2019) (rejecting argument that the unilateral

---

[1] On the other hand, the Court also is not persuaded by Plaintiffs' lamentation that lead counsel "has never returned a phone call." Doc. No. 61, at 2, n. 2. To the contrary, it is clear that lead counsel have been communicating via email, and that both parties rely upon their counsel's legal assistants for scheduling issues. It appears that both sides simply have been unable to effectively communicate and reach agreement as to this scheduling dispute.

scheduling of depositions provided basis for a protective order where attempts at coordinating deposition dates for more than two months had failed); *Paxton v. Great Am. Ins. Co.*, No. 08-81431-CIV, 2009 WL 5064054 (S.D. Fla. Dec. 16, 2009) (denying motion for protective order where defendants failed to provide deposition dates for months, forcing plaintiff to unilaterally notice depositions).

Despite the Court's disappointment in the parties' inability to agree on a date for Dr. Bogdanowicz's deposition, the Court is also mindful that his counsel is not available on August 17, 2023.  The Court has no intention of interfering with this important rite of passage for counsel and his son, and other than noting the difficulty in scheduling, Plaintiffs provide no good cause as to why the deposition date cannot be moved.

Thus, upon consideration, Defendant's Motion for Protective Order Regarding Deposition of Defendant, Brian Bogdanowicz, M.D. (Doc. No. 59) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** to the extent that the August 17, 2023 deposition shall not go forward.  The motion is **DENIED** to the extent that Defendant seeks to have the deposition rescheduled for October 10, 11, 12, or 16.  Within **seven (7) days** from the date of this Order, **lead counsel for all parties (Richard Ramsey, Julian Jose Catala, and Lakisha Davis)** shall meet either in person or via an online video-conferencing platform (such as Zoom or Teams) to select a date for Dr. Bogdanowicz's deposition **to take place on**

**or before September 30, 2023. Conferral via telephone and email will not suffice.**

By this same **seven (7) day** deadline, the parties shall file a joint notice with the Court setting forth the date, time, and location of Dr. Bogdanowicz's deposition. **Failure to agree on a date by this deadline will result in the Court unilaterally scheduling the deposition to occur in person, at a location and date convenient to the Court.** Plaintiffs' Motion for Leave to File Surreply (Doc. No. 64) and Amended Motion for Leave to File Surreply (Doc. No. 65) are **DENIED AS MOOT.**

The parties are again reminded of their duty to conduct discovery in a civil and cooperative manner.

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties