**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CHOUA XIONG and HOPE XIONG,

    Plaintiffs,

v.                                            Case No:   6:22-cv-1957-RBD-LHP

UNITED STATES OF AMERICA,
BRIAN BOGDANOWICZ, MEDI-
QUICK URGENT CARE CENTERS,
INC. and MEDI-QUICK URGENT
CARE CENTERS, LLC,

    Defendants

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO COMPEL (Doc. No. 79)**
>
> **FILED:**      August 8, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The United States moves to compel Plaintiffs to comply with their obligations under Federal Rule of Civil Procedure 26(a)(1) and provide a computation of damages, as well as to provide responsive documents to its Request for Production

No. 11. Doc. No. 79. Plaintiffs oppose. Doc. No. 83. The United States has filed an authorized reply. Doc. No. 89. For the reasons discussed herein, the motion will be granted.

First, as it relates to the Rule 26(a)(1) computation of damages, Plaintiffs' initial disclosures merely state: "Plaintiffs are still in the process of collecting the applicable bills and computing the damages. This amount is yet to be determined." Doc. No. 79-2, at 5.[1] However, Rule 26(a) states that "[a] party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . ." Fed. R. Civ. P. 26(a)(1)(E). "It is not Defendant's task to calculate Plaintiff's damages for her, nor must Defendant be left to guess as to the elements of Plaintiff's claimed damages. Plaintiff is obligated to comply with Rule 26, and compute it as it stands now, bearing in a mind that a party is under a duty to supplement its response, as appropriate." *Oliver v. City of Orlando*, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at *3 (M.D. Fla. Oct. 31, 2007). And notably, Plaintiffs do not even address the initial disclosures or the United States' argument

---

[1] The United States also requested a computation of damages by way of interrogatories, but Plaintiffs did not provide any calculation, instead merely stating that "[a] complete damages assessment and calculation will be performed by Plaintiffs' expert and will be disclosed in accordance with this Court's Case Management and Scheduling Order." *See* Doc. No. 79-3, at 8, 10.

- 2 -

related thereto in their response.  *See* Doc. No. 83.  Accordingly, the motion to compel will be granted to the extent that Plaintiffs will be required to comply with their disclosure obligations under Rule 26(a)(1), to the extent that they have not already done so.[2]

Second, the United States seeks to compel Plaintiffs to provide responsive materials related to Request for Production No. 11, which Request and Plaintiffs' Response thereto provide as follows:

> 11.   A complete copy of any and all documents related to the pre-suit process and/or litigation of claims at issue in this case including, but not limited to, all documents Dr. Joshua Schwimmer relied on in forming his opinions in the "Verified Medical Expert Opinion" attached to the Amended Complaint.  *See* Doc. No. 19-1.
>
> **RESPONSE:   Objection – Overbroad and calls for privileged attorney/expert work product. Additionally, pursuant to 766.106(5), the requested material is not discoverable or admissible in any civil action for any purpose. Furthermore, it is unknown at this time which expert(s) will be called to testify for Plaintiffs at the time of trial.  Plaintiffs shall disclose expert(s) and participate in expert discovery in accordance with this Court's Case Management Order**.

Doc. No. 79-5, at 5–6.

According to the United States, after receiving Plaintiffs' Response, the United States "agreed to limit its request to work product that was not generated

---

[2] In its reply, the United States says that Plaintiffs have provided calculations for Plaintiff Hope Xiong's damages, but have failed to do so for the other Plaintiffs.   Doc. No. 89, at 1 n.1.

by the pre-suit process or otherwise privileged," but Plaintiffs refused.  Doc. No. 79, at 3.  But the United States argues that expert opinions are discoverable under Fla. Stat. § 766.203(4).  *Id.* at 2–3.  So, the United States says that at minimum, Plaintiffs must produce (1) all documents Dr. Schwimmer relied upon that were not generated by the pre-suit process; and (2) all medical expert affidavits exchanged between Plaintiffs and Dr. Bogdandowicz, pursuant to Fla. Stat. § 766.203(4).  *Id.* at 3.

In response, and in direct contradiction to their stated objections to Request No. 11, Plaintiffs argue that the United States' "motion erroneously seeks to use Florida state law discovery rules to compel disclosure of an expert report for an individual who was retained in anticipation of litigation and who will not be a witness at trial," and that the "Florida state law discovery rules are not applicable here."  Doc. No. 83, at 1.  Instead, Plaintiffs state that the federal rules governing discovery apply, and because Dr. Schwimmer will not be listed as an expert in this case, will not be called as a witness, and Plaintiffs will not rely on his pre-suit opinion, under Federal Rule of Civil Procedure 26(b)(4)(D) [3] Plaintiffs are not required to disclose Dr. Schwimmer's expert report.  *Id.* at 1–3.

---

[3] Plaintiffs mistakenly cite the provision as "Rule 26(b)(3)(D)."  *See* Doc. No. 83, at 2.

By authorized reply, the United States agrees with Plaintiffs that Florida law does not apply to the discovery at issue, and thus, the Court need only resolve whether Rule 26(b)(4)(D) precludes the discovery. Doc. No. 89.[4] The United States further contends that Plaintiff's reliance on Rule 26(b)(4)(D) is misplaced because it does not apply to Requests for Production by its plain language, and even if it did apply, Plaintiffs have waived the objection and the United States does not otherwise seek materials covered by the Rule. *Id.* at 2–5.

Upon consideration, the Court agrees with the United States that even assuming that Rule 26(b)(4)(D) would apply to Request No. 11,[5] Plaintiffs have waived reliance on it. Specifically, Plaintiffs did not raise an objection under Rule 26(b)(4)(D) in response to Request No. 11, Doc. No. 79-5, at 6, and importantly, Plaintiffs have already filed a copy of Dr. Schwimmer's opinion on the public docket. *See* Doc. No. 19-1. So, to the extent that Rule 26(b)(4)(D) applies, the Court finds reliance on it waived. *See Cape Christian Fellowship, Inc. v. Landmark*

---

[4] Given that the parties agree that Florida law does not apply and that the dispute resolves on the applicability of Rule 26(b)(4)(D), Doc. Nos. 83, 89, the Court does not address the validity of Plaintiff's objection in response to Request No. 11 that Fla. Stat. § 766.106(5) precludes the discovery. *See* Doc. No. 79-5, at 6.

[5] The United States cites non-binding authority for the proposition that Rule 26(b)(4)(D) applies only to depositions and interrogatories, and not to requests for production. Doc. No. 89, at 3. Given that the Court need not resolve the issue to rule on the United States' motion, this Order does not address the United States' argument in this regard and presumes for purposes of this Order only that Rule 26(b)(4)(D) would apply.

*Am. Ins. Co.*, No. 2:20-cv-410-JLB-NPM, 2021 WL 1293611, at *5 (M.D. Fla. Apr. 7, 2021) (finding Rule 26(b)(4)(D) protection waived by utilization of report to process claim and delivery of report to opposing counsel). *See also Gardner v. Ford Motor Co.*, No. 6:14-cv-508-Orl-18DAB, 2015 WL 12841011, at *1 (M.D. Fla. June 3, 2015) ("The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived." (quoting *United States v. Nobles*, 422 U.S. 225, 239 (1975))).

The Court further notes that the United States has agreed to limit Request for Production No. 11 to documents that were "not generated by the pre-suit process or otherwise privileged," Doc. No. 79, at 3, a limitation which Plaintiffs do not address in response, Doc. No. 83. And in its reply, the United States reiterates that it does not seek Dr. Schwimmer's work product, but instead seeks the documents Dr. Schwimmer relied upon in forming the opinions set forth in the affidavit that Plaintiffs have already produced. Doc. No. 89, at 5. Accordingly, the Court finds that the motion to compel is due to be granted as it relates to the United States' request for documents Dr. Schwimmer relied upon that were not generated by the pre-suit process. Moreover, Plaintiffs do not specifically address the United States' request for medical expert affidavits exchanged between Plaintiffs and Dr. Bogdandowicz, Doc. No. 83, and accordingly, to the extent that Plaintiffs object to production, the Court finds such objection waived. *See generally Hamilton v.*

*Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012), *overruled in part and on other grounds by United States v. Durham*, 795 F.3d 1329, 1330 (11th Cir. 2015) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."). *See also Chick-fil-A v. ExxonMobil Corp.*, No. 08-61422-CIV, 2009 WL 3763032, at *3 (S.D. Fla. Nov. 10, 2009) ("[V]oluntary disclosure of work product information to an adversary waives work product protection as to that information." (quoting *Wood v. Archbold Med., Ctr., Inc.*, No. 7:07-CV-109, 2009 WL 3063392, at *2 (M.D. Ga. Sept. 17, 2009))).

For these reasons, it is **ORDERED** as follows:

1. The United States' Motion to Compel (Doc. No. 79) is **GRANTED**.

2. On or before **September 15, 2023,** Plaintiffs shall **each** supplement their initial disclosures to including a computation of each category of damages claimed as required by Rule 26(a)(1)(A), to the extent they have not already done so.

3. On or before **September 15, 2023**, Plaintiffs shall serve on the United States documents in their current possession, custody, or control responsive to Request for Production No. 11, which were "not generated by the pre-suit process or otherwise privileged," to include those documents relied on by Dr. Schwimmer in his verified affidavit, *see* Doc. No. 19-1, and other medical expert affidavits exchanged between Plaintiffs and Dr. Bogdandowicz.

4.  Failure to comply with this Order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 37(b).

**DONE** and **ORDERED** in Orlando, Florida on September 1, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties